CARPER ET AL. *v.* BOARD OF COUNTY COMMISSIONERS, MEIGS COUNTY.

[Cite as Carper v. Board of County Commrs., 9 Ohio Misc. 39.]

(No. 13948—Decided August 16, 1966.)

Common Pleas Court of Meigs County.

*Mr. William A. Lavelle,* for plaintiffs.
*Mr. Edwin C. Johnston,* for defendants.

BACON, J. Plaintiffs, George and Lavinia Carper, seek by injunction to enjoin the defendant Board of County Commissioners entertaining proceedings to vacate that portion of Bedford Township Road No. 367 abutting upon their real estate, subsequent to a certain entry dated March 21, 1966, in the commissioners' journal, viz:

"COMMISSIONERS SEND LETTER TO JOHN DOWLER, DIVISION ENGINEER. Be it resolved: that reference is made to our recent meeting regarding the vacation of two township roads, Bedford Township Road No. 367 and Salisbury Township Road 78, which intersect with proposed Route 33 improvements in Meigs County. After much deliberation and consultation with various responsible citizens of Meigs County, it is our opinion that we do not wish to vacate the above township roads. We sincerely hope that you will concur in this opinion. Motion by Mr. Clark, seconded by Mr. Karr. On roll call, McElhinny, Yea, Karr, Yea, Clark, Yea."

Briefly, plaintiffs contend the foregoing constitutes *res judicata*, on the basis of which they are entitled to permanently enjoin the commissioners "from further attempting to vacate said road."

Plaintiffs say that the action so recorded was taken upon a certain petition of P. E. Masheter, director of highways, authorized under Section 5553.041, Revised Code.

It appears from the evidence taken upon trial of this lawsuit, that the director's petition was received in the office of the board on March 8, 1966. The sole action taken by the commissioners was such as disclosed by the aforesaid entry of March 21, 1966.

This being so, plaintiffs must fail in this action.

The General Assembly enacted Section 5553.041, Revised Code, to aid the state highway director in the construction of modern highways. An arterial system adequate for the life-blood of Ohio commerce is one demand made at every session of our lawmakers.

It was not without reason that this law requires the county commissioners to proceed in the same manner as is mandatory in the case of a petition presented by twelve freeholders of the county residing in the vicinity of the proposed improvement.

Is it not significant that Section 5553.01, Revised Code, defines an improvement as including any "vacation" of a public road or part thereof?

Reconciliation of all of the provisions of Sections 5553.04 to 5553.11, inclusive, Revised Code, compels one to conclude that the law contemplates a public view and a public hearing to enable the commissioners to dispose of a road matter with an order approaching *res judicata*.

Public, because roads and highways, safety of their construction, adequacy for intended and indicated traffic, are matters of public convenience and necessity. Public, because Section 5553.05, Revised Code, requires the commissioners to give notice of the time and place of the view and the final hearing by publication in a newspaper of general circulation in the county.

This court holds that mere "deliberation and consultation with various responsible citizens" is not a lawful substitute for the mandatory procedure commissioners must afford petitions by the state highway director, when he is of "the opinion

it is in the public interest to vacate a public highway or portion thereof under the jurisdiction of the county commissioners.''

One might deduce that the objector (the evidence discloses only one) to the vacating of Bedford Township Road No. 367 was permitted to deliberate with the commissioners (the entry recites this) as well as enjoy the opportunity for private persuasion. Private not in the sense that it was secret, but in that objections were taken *ex parte* and not at a public hearing as provided by law. Surely the petition and opinion of the head of the state's multi-billion-dollar highway complex cannot be voided in the manner the record discloses.

Our lawmakers recognized that the vacation of lesser public roads or portions thereof would be in the public interest, and in order to obtain early construction of safe, modern highways went on to require that the commissioners ''act'' upon such petitions within thirty days. Does this imply they must conclude their action within that time?

This court holds that the General Assembly deemed it expedient to include some requirement of early action, which is directory. The acceleration the assembly expressly desires does not eliminate the necessity for lawful procedure, nor does it invalidate the director's petition if action is not completed within thirty days.

There is another reason plaintiffs' action must fail.

Again, our lawmakers deemed the petition of the state's highway director of such consequence, they enacted the further requirement that the commissioners could refuse to vacate only by showing such action by a proper resolution.

In what the plaintiffs say was a rejection on March 21, 1966, of the director's petition, it is significant that the title reads:

''COMMISSIONERS SEND LETTER TO JOHN DOWLER, DIVISION ENGINEER.''

The words, ''Be it resolved'' are there. But they merely spread upon the minutes their letter in which they refer to some conversation they have had with the addressee, and advise him that after much deliberation and consultation with the objector the commissioners were of the opinion that they do not ''wish'' to vacate. They further wish or ''hope'' that ''you'' will concur in this opinion. The ''you'' in this case being the recipient of their letter, Mr. Dowler, highway division engineer.

There is no reference to the petition of anyone. One must incorporate the title to identify the addressee, and it is his opinion the board hopes to change. There is no connotation of any action by the commissioners. On the contrary, by expressing their "hope that you will concur," they invite further communication and advice. The phrase shouts indefiniteness.

Be it that the March 21, 1966, entry was addressed to the director's petition! Nowhere can be found an expression of rejection. By inviting concurrence in the opinion or "wish" of the commissioners, the addressee is asked to assent, to consent, to accord in opinion, to agree, to acquiesce, to accommodate. Surely asking one to concur is not assigning a rejection, but is in fact making an appeal.

Equity regards substance and not form. Surely, the spreading upon the minutes (a phrase much used in parliamentary proceedings) of a letter the commissioners wished to send to Mr. Dowler, expressing an opinion, wish or hope, is not that proper resolution required by Section 5553.041, Revised Code.

This very case demonstrates the wisdom of the lawmakers in requiring that there be an unequivocal rejection by proper resolution. The proviso immediately following allows the director to perfect an appeal to the Court of Common Pleas, if his petition is rejected.

Was it contemplated that the director appeal from a proper resolution of rejection, or that the director appeal from a wish expressed in a letter to the division engineer? Taking one step further, must the director appeal from an appeal by the commissioners to the division engineer to concur?

Road matters demand that the commissioners consider public convenience and necessity. A proper resolution then would require some finding thereon, as well as an unequivocal decision.

This court expressly holds that the letter of March 21, 1966, addressed to Mr. Dowler, highway division engineer, does not meet the requirements of Section 5553.041, Revised Code. The vote of the commissioners to record it in the journal did not alter its substance nor dignify it in any way.

An entry may be prepared in accordance with this opinion.

*Judgment accordingly.*